KENT M. WALKER (SBN 173700)
kwalker@lewiskohn.com
**LEWIS KOHN & WALKER, LLP**
15030 Avenue of Science, Suite 201
San Diego, California 92128
Tel (858) 436-1330
Fax (858) 436-1349

Attorneys for Plaintiff
INSURANCE COMPANY OF THE WEST

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, a California corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>ICW INSURANCE SERVICE, INC., a California corporation; ISRAEL CONRADO WIZENFELD,  an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO.  **'16CV2697 MMAMDD**<br>_____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff  INSURANCE COMPANY OF THE WEST, appearing through undersigned counsel, states as follows:

## PARTIES

1.      Plaintiff INSURANCE COMPANY OF THE WEST, a California corporation (hereinafter, "Plaintiff" or "ICW"), is duly organized and existing under the laws of the State

of California, with its principal place of business at 15025 Innovation Drive, San Diego California 92128.

2.      Plaintiff is informed and believes and based thereon alleges that Defendant ICW INSURANCE SERVICE, INC. (hereinafter, "ICW INSURANCE SERVICE" or "Defendant(s)") is a California corporation with its principal place of business at 2 Via Madera, Rancho Santa Margarita, California 92688.  On information and belief, ICW INSURANCE SERVICE is engaged in the business of providing insurance services.

3.      Plaintiff is informed and believes and based thereon alleges that Defendant ISRAEL CONRADO WIZENFELD (hereinafter, "WIZENFELD" or "Defendant(s)") is an individual residing at 2 Via Madera, Rancho Santa Margarita, California 92688.      On information and belief, WIZENFELD is an owner, officer and director of ICW INSURANCE SERVICE and is engaged in the business of providing insurance services.

4.      Plaintiff is presently uninformed of the true names or capacities of the defendants sued herein under the fictitious names DOES 1-10, inclusive (collectively hereinafter, "Defendants").  Plaintiff is informed and believes, and thereupon alleges, that these Defendants fictitiously named as Doe engaged in, or are in some manner responsible for, the wrongful conduct and damages to Plaintiff alleged herein.  Plaintiff therefore sues these Defendants by such fictitious names and will amend or seek leave to amend this pleading to substitute the true names and capacities of said Doe Defendants when they are ascertained.

**NATURE OF THIS ACTION; JURISDICTION OF THE COURT**

5.      This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"), and for trademark infringement and unfair competition under the statutory and common law of California.

6.    This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) because, among other reasons, Defendants reside in and are subject to personal jurisdiction in this judicial district and have committed acts of infringement in this judicial district.

### ICW AND ITS MARKS

8.    Plaintiff ICW is engaged in the business of providing insurance services.

9.    ICW commenced use of the mark ICW in connection with its insurance services at least as early as January 1, 1993. Since that time, this mark has been continually used in commerce by ICW.

10.    On February 22, 2006, ICW filed an application with the United States Patent and Trademark Office ("USPTO") for registration of the mark ICW GROUP INSURANCE SERVICES in International Class 36, in connection with its provision of insurance services, namely, writing commercial property and casualty insurance. The application was granted Registration No. 3,187,305 on Dec. 19, 2006. A copy of this registration is attached hereto as **Exhibit "A"** and is incorporated herein by this reference. This registration is valid and subsisting.

11.    On March 31, 2009, ICW filed an application with the USPTO for registration of the mark ICWGROUP INSURANCE COMPANIES stylized letters and logo in International Class 36, in connection with its provision of insurance services, namely writing commercial property, casualty, automobile, worker's compensation and surety insurance services. The application was granted Registration No. 3,819,392 on July 13, 2010. A copy of this registration is attached hereto as **Exhibit "B"** and is incorporated herein by this reference. This registration is valid and subsisting.

12.    The mark ICW and the marks in **Exhibits "A" and "B"** are collectively referred to herein as the "Marks."

13.     Plaintiff's Marks are inherently distinctive.  Each of the Marks serves to identify and indicate the source of ICW's services to the consuming public, and to distinguish its services from those of others, including those advertised and sold by Defendants.  Over the years, ICW has prominently used and promoted the Marks in connection with its services in advertising, promotion, and various other ways.  ICW's sales and advertising expenditures in connection with use of the Marks have been extensive.  ICW has invested considerable effort and resources in advertising and promoting its insurance services using the Marks.  ICW advertises on the internet, in catalogs and other publications, and other venues and media.

14.     As a result of ICW's long usage and extensive promotion of the Marks, the Marks are distinctive to designate ICW, and they distinguish ICW and its services from others, including those advertised and sold by Defendants.  The Marks are well-known and widely recognized to consumers, and ICW has developed exclusive and valuable goodwill and strong federal and common law rights in the Marks as a result of the usage and promotion of the Marks.

15.     Pursuant to the Lanham Act, ICW's registrations identified above constitute prima facie evidence of: (a) validity of the registered marks and of the registration of those marks; (b) ICW's ownership of the registered marks; and (c) ICW's exclusive right to use the registered marks on or in connection with the services stated in the registrations.  15 U.S.C. §§ 1057(b) and 1115(a).  In addition, ICW's registrations constitute constructive notice of ICW's claim of ownership of the registered marks.  See 15 U.S.C. § 1072.  Indeed, the registrations identified in **Exhibits "A" and "B"** have become incontestable pursuant to 15 U.S.C. § 1065.  That the registered marks have become incontestable is conclusive evidence of their validity and their respective registrations, and of ICW's exclusive right to use them in commerce.  See 15 U.S.C. § 1115(b).

## DEFENDANTS' ACTIVITIES

16.     In about March of 2016, years after ICW began using and registered the Marks, Defendants started advertising and selling insurance services using and in connection with trademarks confusingly similar to the Marks.

17.     In approximately March of 2016, Defendants began using the marks "ICW" and "ICW INSURANCE SERVICES" in commerce in connection with their insurance services ("Infringing Marks").  Defendants registered the name ICW INSURANCE SERVICE INC. with the California Secretary of State under Entity Number C3887569 on March 18, 2016, and with the California Department of Insurance under License #: 0K988037 for an "Accident and Health" license on May 4, 2016 and a "Life-Only" license on June 27, 2016. **Exhibit "C"** attached hereto is a Business Entity Detail record from the California Secretary of State webpage, and **Exhibit "D"** attached hereto is an Agency License Details record from the California Department of Insurance webpage regarding such information.

18.     Defendants' use of the same or substantially similar marks as Plaintiff's Marks to advertise and sell the same or substantially similar services offered by Plaintiff in the same or substantially similar channels and locations of commerce is without the permission, license or authority of ICW, and such use violates Plaintiff's federal and common law rights in the Marks.

19.     Plaintiff is informed and believes and based thereon alleges that Defendants began their infringement of the Marks with full knowledge of one or more of ICW's Marks. Plaintiff is informed and believes and based thereon alleges that  Defendants undertook these actions with the intent of confusing consumers, so that they could trade on and receive the benefit of the goodwill built up by ICW at great labor and expense over many years.

**EFFECT OF DEFENDANTS' ACTIVITIES ON CONSUMERS AND/OR ICW**

20.     Defendants' use of the Infringing Marks in the manner described above is likely to confuse consumers, customers, vendors, providers and others involved in the insurance market as to whether some affiliation, connection or association exists between Defendants and ICW, or as to the origin, sponsorship, or approval of the parties' services.

21.     Defendants' use of the Infringing Marks in the manner described above falsely indicates to the purchasing public that the services of Defendants originate with ICW, or are affiliated, connected or associated with ICW, or are sponsored, endorsed, or approved by ICW, or are in some manner related to ICW.

22.     Defendants' use of the Infringing Marks in the manner described above falsely designates the origin of the services of Defendants, and falsely and misleadingly describes and represents material facts with respect to the services, promotions, business and/or commercial activities of Defendants.

23.     Defendants' use of the Infringing Marks in the manner described above enables Defendants to trade on and receive the benefit of goodwill in those marks, which ICW has built up at great labor and expense over many years.

24.     Defendants' use of the Infringing Marks in the manner described unjustly enriches Defendants at ICW's expense.

25.     Defendants' use of the Infringing Marks in the manner described above prevents ICW from controlling the nature and quality of services provided under those marks and places the valuable reputation and goodwill of ICW in Defendants' hands, over whom ICW has no control.

26.     The activities of Defendants have caused irreparable injury to ICW and to the public, and unless restrained by this Court, will continue to cause irreparable injury to ICW and to the public.  There is no adequate remedy at law for this injury.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

27.     Plaintiff repeats the allegations from paragraphs 1-26 above as if fully set forth herein.

28.     The acts of Defendants complained of herein constitute infringement of federally registered trademarks in violation of 15 U.S.C. § 1114(1).

29.     The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

30.    Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

### COUNT II: FEDERAL UNFAIR COMPETITION

31.    Plaintiff repeats the allegations from paragraphs 1-30 above as if fully set forth herein.

32.    The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.    Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

34.    Plaintiff repeats the allegations from paragraphs 1-33 above as if fully set forth herein.

35.    The acts of Defendants complained of herein constitute infringement of Plaintiff's common law trademark rights in the Marks.

36.    Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

### COUNT IV: UNFAIR COMPETITION UNDER STATE LAW

37.    Plaintiff repeats the allegations from paragraphs 1-36 above as if fully set forth herein.

38.    The acts of Defendants complained of herein constitute unfair competition in violation of California Business & Professions Code § 17200 et seq.

39.    Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ICW prays for entry of judgment against Defendants as follows:

1.     Defendants, their parents, subsidiaries, directors, officers, members, managers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained:

a.     From using the Infringing Marks, or Plaintiff's Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Marks;

b.     From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any services or goods (products, samples and the like) containing or in connection with the Infringing Marks, or Plaintiff's Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Marks;

c.     From registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source containing the Infringing Marks, or Plaintiff's Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Marks;

d.     From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe Plaintiff's Marks;

e.     From committing any acts or making any statements calculated, or reasonably foreseeable consequence of which would be, to infringe any of ICW's trademark rights in Plaintiff's Marks, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of ICW by, with, of Defendants, and;

f.      From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2.      Consistent with paragraph (1)(a) above, Defendants be ordered to remove from sale or display, and recall, any and all services, products, catalogs, advertisements, and any other items bearing the Infringing Marks, or Plaintiff's Marks, or any word or words confusingly similar thereto.  Defendants also be ordered to submit to the Court and serve upon Plaintiff within thirty (30) days after entry and service of an injunction, a written report detailing gross sales of any services or goods in connection with the Infringing Marks, Plaintiff's Marks, or any word or words confusingly similar thereto.

3.      Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all services information, products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, internet web pages, and any other materials in its possession or control bearing the Infringing Marks, or Plaintiff's Marks, or any other mark, name, or designation that includes the Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)).

4.      Defendants be ordered to voluntarily cancel their registrations with the California Secretary of State and California Department of Insurance, more particularly identified in **Exhibits "C" and "D"**, and any other registrations using Plaintiff's Marks or variants thereof.

5.      Defendants be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

6.      Plaintiff recovers all damages it has sustained as a result of the activities of Defendants.

7.     Pursuant to 15 U.S.C. § 1117, ICW be awarded treble damages and attorneys' fees for willful infringement.

8.     An accounting be directed to determine the profits of Defendants resulting from activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

9.     Defendants be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

10.     Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorneys' fees.

11.     Plaintiff be awarded prejudgment and post-judgment interest.

12.     Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.


Respectfully Submitted,

Dated: October 31, 2016          LEWIS KOHN & WALKER, LLP
                                 By:

                                 __s/ Kent M. Walker_____
                                 KENT M. WALKER
                                 kwalker@lewiskohn.com
                                 SBN 173700
                                 Attorney for Plaintiff
                                 INSURANCE COMPANY OF THE WEST

## **DEMAND FOR JURY TRIAL**

INSURANCE COMPANY OF THE WEST hereby demands trial by jury.

Dated: October 31, 2016          LEWIS KOHN & WALKER LLP
                                  By:

                                  __s/ Kent M. Walker_____
                                  KENT M. WALKER
                                  kwalker@lewiskohn.com
                                  SBN 173700
                                  Attorney for Plaintiff
                                  INSURANCE COMPANY OF THE WEST

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION          11